## MESERVE *v.* HICKS.

A sheriff is not disqualified to testify in relation to the facts stated in his return upon a writ, by the circumstance that he may be liable for a false return.

An attorney is disqualified as a witness in a case where the indorser of the writ has become such at his request, on the ground that he is answerable over to the indorser for the costs.

Writing in pencil is not sufficient in public records, nor in papers to be used in proceedings in court, which may become public records.

THE issue in this case was upon a plea in abatement, that the name and office of the officer who served the writ by virtue of which the defendant's goods were attached, were not indorsed upon the summons when delivered to the defendant.

The plaintiff contended that the summons, at the time it was delivered to the defendant, was indorsed in pencil, and admitted it was not indorsed with ink. The question submitted to the jury was, whether the summons, at the time it was delivered to the defendant, was indorsed in pencil or not; and the jury found that it was.

To sustain his position, the plaintiff introduced the sheriff who served the writ, and who had made return that he had delivered to the defendant a summons, with his name and office indorsed thereon. To his admission as a witness the defendant excepted, on the ground that he was interested in the event of the suit, being liable, as he contended, to an action by the plaintiff for a

Meserve *v.* Hicks.

false return, should it prove that the summons was not indorsed. But he was admitted, subject to the exception.

The plaintiff also introduced the attorney who made the writ; but it appearing that the writ had been indorsed at said attorney's request, by a third person, and not by the plaintiff, the defendant objected, on the ground that he was liable to the indorser, and therefore interested in the event of the suit. He was, however, permitted to testify, subject to the exception.

A verdict was taken for the plaintiff, on which judgment was to be entered, if this court should be of opinion that the indorsement in pencil answers the requirements of the statute, and if the witnesses were competent. If the indorsement should be considered insufficient, judgment to be entered for the defendant. If the indorsement should be held sufficient, but either of the witnesses incompetent, a new trial to be granted.

*Whidden,* for the plaintiff.

*Benton,* for the defendant.

BELL, J. The sheriff was a competent witness. He could neither gain nor lose by the event of the cause, and the verdict would not be evidence in his favor nor against him.

The attorney was not a competent witness. He was substantially the indorser of the writ. By fair implication, from the situation of the parties, he is answerable to the indorser for the costs which may be recovered against him, and the indorser is concluded as to the amount of the costs, and as to the liability of the plaintiff for the payment of them, by the judgment in this case.

In the case of *Stone & a.* v. *Sprague, ubi seq.,* we have decided that however a signature in pencil may be held sufficient in private writings, writing in pencil is not sufficient in public records, nor in papers drawn to be used in legal proceedings, which must become public records. Verdict set aside.

*Judgment for the defendants.*