Stone *v.* Sprague.

## STONE & a. v. SPRAGUE.

An indorsement in pencil of the officer's name on the summons left with the defendant, whose estate is attached in mesne process, is not sufficient.

THE issue in this case was upon a plea in abatement, setting forth that the summons left with the defendant by the officer who served the writ and attached the defendant's goods, was not indorsed with the name and office of the officer serving the same.

It appeared that the name and office of the officer who served the summons was written upon the back of the summons with a

lead pencil.  The court intimating an opinion that such an in-
dorsement was not a compliance with the requisitions of the
statute, a verdict was taken, by consent, for the defendant, on
which judgment was to be entered, or the verdict set aside and
a new trial granted, as the opinion of the court should be upon
the sufficiency of such an indorsement.

*Fletcher* and *Haywood,* for the plaintiffs.

*Cooper,* for the defendant.

PERLEY, J.   When a defendant's estate is attached in mesne
process, the Revised Statutes, chap. 183, § 3, require that a
summons should be given to him, or left for him, at his last and
usual place of abode, " with the name and office of the officer
serving the same indorsed thereon."   In our practice, a de-
fendant who pleads a defective summons in abatement of the
writ, must bring the summons into court and make it part of his
plea.   In this case we must understand that the summons, when
thus produced, did not shew on inspection that it had been in-
dorsed according to the statute ; that if it was once indorsed, it
was in common lead pencil, and in a way to be easily erased and
obliterated, so that no evidence would remain on the summons
that it had ever been indorsed ; otherwise, it would not have
been necessary to submit that fact to the jury to be tried on the
testimony of witnesses ; and the question to be decided in this
case is, whether such an indorsement in common lead pencil is
sufficient under the statute.

It has been held in numerous instances, where the law in
transactions of private business requires a written memorandum
or the signature of a party, that a writing in pencil is sufficient.
*Merritt* v. *Classon,* 12 Johns. 103 ; *S. C.,* 14 Johns. 484 ;
*Rymes* v. *Clarkson,* 1 Phillimore 122 ; Story on Promissory
Notes, § 11.   But in the case of negotiable paper, which is in-
tended to pass from hand to hand in the course of business, it
as been doubted whether a writing in pencil ought to have been

admitted as sufficient. Story, *qua supra.* These authorities have, however, but a remote bearing on the present case. The law extends great indulgence to looseness and inaccuracy in writings necessary to the transaction of the common business of life, *propter simplicitatem laicorum.* Otherwise the fair intention of parties would frequently be defeated by their want of acquaintance with the forms of business, and by the haste in which such writings are often necessarily drawn and executed, at times and in places when and where the means of making them in the best manner and with the best materials are not at hand.

But the indorsement which the statute requires to be made on a summons is the act of a public officer, who cannot be heard to excuse himself on the ground of ignorance; who is bound to be furnished at all times with the means of discharging his duty in a safe and proper manner, and who has no right to be in such haste as to prevent him from doing all that the law requires of him, with due care and deliberation.

The apparent object of the law requiring a summons to be indorsed with the name of the officer who serves it, is to give the defendant information who the officer was that took his property, and in case he should conceive himself to be wronged by the taking or the detention of the property, to furnish him with prompt and certain proof against a responsible party. This object will not be adequately secured if the indorsement is such that it may be easily erased and obliterated by accident or design. If indorsed in pencil and left at the defendant's house, before it comes to his hands there may be nothing on it to shew by whom it was served. If indorsed at an attorney's office when the sheriff took it, and carried about with other papers a week or a month, as is not unfrequently the case, before it was served, there could be no certainty that it would have any legible indorsement on it at the end of that time.

The trial in this case suggests some of the inconveniences which must follow from holding such an indorsement to be sufficient. The defendant alleged that the summons was not

indorsed according to the statute. He brought it into court and exhibited it as part of his plea. That is required in practice, because it is presumed that it will appear to the court on inspection whether the summons is in law sufficient. No indorsement appeared on the summons; but the plaintiff asserted that it was once indorsed in pencil and had been erased, and demanded a trial of that fact by the jury, who, on the testimony of the attorney and the sheriff, found that the summons was once indorsed. Suppose the fact to have been according to the finding of the jury, still the indorsement may have been erased and gone before the summons came to the defendant's hands, and an innocent man may have been led to set up a defence which he honestly believed to be well founded in fact, and has been defeated by evidence of which he could have had no knowledge or suspicion. On the other hand, if the summons bore the indorsement when the defendant received it, and it was fraudulently erased by him, it is manifest that such indorsements, being as easily obliterated as so many characters traced in sand, will always hold out to defendants the temptation and the opportunity to contrive similar frauds.

So if an officer is in the habit of indorsing these writs in pencil, and one should by accident be left without indorsement, if he were allowed to testify to an indorsement in pencil, he would be very likely to persuade himself that he recollected the summons in question was indorsed as usual. The legislature certainly never could have intended that the fact whether a summons was duly indorsed should be left, except in extraordinary cases, to be tried on the testimony of witnesses. If any question is made as to the sufficiency of a summons, it must be produced to the court, and the question is to be determined, on inspection, as matter of law. Doubtless if a summons, having been once sufficient, were fraudulently altered, the fact might be proved by the plaintiff; but the policy of the law would be to prevent as far as possible the necessity of trying such a fact.

So far as we are informed, this is the first trial of the kind that has taken place in the State; but if such indorsements were

held to be legal, it would not be likely by any means to be the last. We should expect indorsements to be made generally in that way. There can be no hardship in holding the officer to make these indorsements in a way to avoid all this uncertainty. He can without any disproportionate trouble provide himself at all times with the means of indorsing his process in ink.

We have seen no case in which it has been held that the record, signature, or other writing, required by law to be made by a public officer, may be in pencil marks ; but if an officer's indorsement on a summons made in pencil should be decided to be sufficient, it is not easy to see how any line of distinction could be established which should prevent the rule from being extended to all cases where an officer is required to make a writing or a record. No statute requires that judgments shall be enrolled, or deeds recorded in ink. Bail is taken by a mere indorsement of his name on the writ. He would probably be held chargeable if it were done in pencil ; but it would be a dangerous looseness if the officer were allowed to take bail and discharge the defendant from arrest, where the only security returned was a pencil mark on the writ, which, as original writs are kept and used in our practice, would in a contested case seldom remain legible till the plaintiff obtained judgment.

The law requiring the sheriff to indorse his name on the summons has been reënacted in successive statutes for a very long period. There is not the smallest reason to suppose that the legislature in reënacting this provision of previous statutes meant to introduce any change in the way of making the indorsement. When the law was first introduced, writing in pencil, if practiced at all in this country, was certainly very rare. We think the legislature never intended that these indorsements should be made except in a permanent manner, that would effectually secure the object of the law, and that an indorsement in pencil, such as appears in this case, is not sufficient.

The verdict must be set aside and judgment entered for the defendant.