LORD *v.* DUNBARTON.          { MARCH 13, 1875.

A motion to dismiss a petition for a new highway because the signatures were in pencil writing must be made within the first four days of the term.

PETITION, by Aaron Lord and others against the towns of Dunbarton and Bow, for a new highway, filed in the clerk's office March 6, 1874. The petition was entered at the April term, 1874, when the defendants moved that the petition be dismissed "because no application had ever been made to the selectmen of said towns, or either of them, to lay out said highway, nor had there been a neglect or refusal by them to to lay out the same, before the presentation of this petition to the court."

The questions of law thus raised being reserved for the consideration of the full bench,—at the June law term, 1874, the motion to dismiss the petition was denied.

Now, at the October term, 1874, the defendants moved that the petition be dismissed, because the names of all the petitioners (twenty in number) signed to said petition were written in pencil. The court denied the motion, and the defendants excepted.

The court transfers the question whether, if the motion had been seasonably made, the petitioners may amend by causing the petition to be signed by the several petitioners in ink.

*Mugridge*, for the defendants.

The jurisdiction of the court depends upon a written application. *Haywood* v. *Charlestown*, 34 N. H. 26 ; *Clement* v. *Burns*, 43 N. H. 614 ; *State* v. *Richmond*, 26 N. H. 239.

The petition was a paper to be used in court, and to be placed upon its files, and being in pencil was insufficient. *Meserve* v. *Hicks*, 24 N. H. 296 ; *Stone* v. *Sprague*, 24 N. H. 309.

The exception, being one which goes to the jurisdiction of the court, cannot be waived. *Griffin's petition*, 27 N. H. 346, 347 ; *State* v. *Richmond*, 26 N. H. 239, 240 ; *Haywood* v. *Charlestown*, 34 N. H. 27 ; *Morse* v. *Presby*, 25 N. H. 302. The petition cannot be amended because there is nothing in court to amend.

*Sanborn & Clark*, for the plaintiffs.

The cases of *Stone* v. *Sprague* and *Meserve* v. *Hicks* are not in point.

The signatures to the petition in question are writings at common law. *Geary* v. *Physic*, 5 Barn. & Cress. 234; *Closson* v. *Stearns*, 4 Vt. 11; *Partridge* v. *Davis*, 20 Vt. 499, 503; *Brown* v. *Bank*, 6 Hill 443; *Reed* v. *Roark*, 14 Texas 329; *Raynes* v. *Clarkson*, 1 Phill. 22; *Green* v. *Skipworth*, 1 Phill. 53; *Dickenson* v. *Dickenson*, 2 Phill. 173; *McDowell* v. *Chambers*, 1 Strob. Eq. 347; *Merritt* v. *Clason*, 12 Johns. 102; *Clason* v. *Bailey*, 14 Johns. 484; *Draper* v. *Patteria*, 2 Speers 292.

CUSHING, C. J. The cases of *Stone* v. *Sprague* and *Meserve* v. *Hicks* are cited for the purpose of showing that the signatures to the petition in question are not sufficient. The position taken by the defendants is, that the petition in question is to be considered as if it had no names written upon it; and that in all such cases, whenever it appears by inspection that a writing upon the files of the court is in pencil, it must be treated as blank, and any proceedings dependent upon it must be void. To support this view, the cases above mentioned are cited.

It seems to me that the learned judges who delivered the opinions in those cases would have been very much surprised at such a proposition. The head-note in the case of *Stone* v. *Sprague* is as follows: " An endorsement in pencil of the officer's name on the summons left with the defendant, whose estate is attached in mesne process, is not sufficient;" and the learned judge who delivered the opinion says,—" We think the legislature never intended that these endorsements should be made except in a permanent manner, that would effectually secure the object of the law, and that an indorsement in pencil, such as appears in this case, is not sufficient."

In those cases the question came up on a plea in abatement for defective summonses, the indorsements not appearing at the time upon the summonses. The matter being brought to the attention of the court in this way, and the quality of the pencil writing being made apparent by the trial, such indorsements were held to be insufficient. But after all, the gist of the matter seems to be, that the writing must be permanent, and it is pencil writing, which had apparently disappeared in a few days, which is held insufficient.

It appears to me that the court cannot be expected to determine on a simple inspection the question of the permanence of a writing. It should be brought to the notice of the court by a plea in abatement; and, on issue framed and trial of the fact, the question of permanence may be determined.

The doctrine of the cases of *Stone* v. *Sprague* and *Meserve* v. *Hicks* appears to be, that by law it is required that writings used in legal proceedings should be of a permanent nature, and not like the pencil writings brought in question in those cases; and that when this is made to appear on the trial of an issue framed on a plea in abatement, writings not permanent would be held insufficient. But this is by no means holding, that at any stage of the proceedings the court can, on simple inspection, adjudge a proceeding void for such cause, which the defendant's argument seems to require.

But it seems to me that a writing such as at common law would be held sufficient—and this writing appears to be such—ought to be held to give the court jurisdiction; and that any parties interested to object should be held to bring it to the notice of the court by plea in abatement, or motion to dismiss, made within the time required for other pleas in abatement, and that this motion being made at the second term, and after expensive proceedings had been had, must be denied.

LADD, J.   I agree that the motion to dismiss should be denied, for the reason given by the chief justice.   I am not now prepared to admit that the petition should have been dismissed for the cause alleged, had the objection been taken at any stage of the proceedings.   I have been unable to discover any legal principles upon which the case of *Stone* v. *Sprague* rests, which requires the court to extend the rule there laid down, as to the indorsement of a summons by the officer serving a writ, to other papers.   I do not now quite understand how it can be held, as matter of law, that a paper written with a lead pencil is not a writing.

SMITH, J.   It is well settled that contracts required by law to be in writing may be written and signed in pencil.   This is because " the law extends great indulgence to looseness and inaccuracy in writings, necessary to the common business of life, *propter simplicitatem laicorum.*"   PERLEY, J. in *Stone* v. *Sprague*, 24 N. H. 311.   If the payee or indorsee of a promissory note is willing to accept it when signed or indorsed in pencil, and take the risk of its becoming effaced, the law will not interfere to pronounce such a note invalid: and the same is true of any other private instrument signed in pencil, which the parties interested are willing to accept.   Such papers are made to continue in force for a short time comparatively, while public records are intended to be permanent; and upon their permanency and preservation very often depend large and important interests, of which they are the sole evidence.   In *Geary* v. *Physic*, 5 B. & C. 234, ABBOTT, C. J., in deciding that an indorsement on a bill of exchange may be by writing in pencil, said,—" There is not any great danger that our decision will induce individuals to adopt such a mode of writing in preference to that in general use.   The imperfection of this mode of writing, its being so subject to obliteration, and the impossibility of proving it when it is obliterated, will prevent its being generally adopted."

In *Meserve* v. *Hicks*, 24 N. H. 295, it was decided, BELL, J., delivering the opinion of the court, " that however a signature in pencil may be held sufficient in private writings, writing in pencil is not sufficient in public records, nor in papers drawn to be used in legal proceedings which must become public records."   And in *Stone* v. *Sprague, qua supra*, it was held that an indorsement in pencil of the officer's name on the summons left with the defendant whose estate is attached on mesne process is not sufficient.   PERLEY, J., who delivered the opinion of the court, remarked as follows: " We have seen no case in which it has

been held that the record, signature, or other writing, required by law to be made by a public officer, may be in pencil marks; but if an officer's indorsement on a summons made in pencil should be decided to be sufficient, it is not easy to see how any line of distinction could be established which should prevent the rule from being extended to all cases where an officer is required to make a writing. No statute requires that judgments shall be enrolled, or deeds recorded, in ink. Bail is taken by a mere indorsement of his name on the writ. He would probably be held chargeable if it were done in pencil; but it would be a dangerous looseness if the officer were allowed to take bail and discharge the defendant from arrest where the only security returned was a pencil mark on the writ, which, as original writs are kept and used in our practice, would, in a contested case, seldom remain legible till the plaintiff obtained judgment.

The law requiring the sheriff to indorse his name on the summons has been reënacted in successive statutes for a very long period. There is not the smallest reason to suppose that the legislature, in reënacting this provision of previous statutes, meant to introduce any change in the way of making the indorsement. When the law was first introduced, writing in pencil, if practised at all in this country, was certainly very rare. We think the legislature never intended that these indorsements should be made, except in a permanent manner that would effectually secure the object of the law, and that an indorsement in pencil such as appears in this case is not sufficient."

The rule, which these two eminent judges so clearly indicated ought to govern in public records and papers to be used in judicial proceedings which may become public records, is founded in such good sense, and on considerations of such public convenience and importance, that it ought not to be disregarded unless very strong reasons are presented for so doing. Such a rule works no harm or inconvenience in practice, while the contrary doctrine encourages looseness and carelessness, and allows the use of papers of a public character, which can be fraudulently altered with greater facility and with less liability to detection. When, therefore, in a case like the one now before the bar of this court, application is seasonably made by plea in abatement, or motion, the petition should be dismissed.

*Exceptions overruled.*